UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

TELTRONICS, INC.,                               Case No. 8:11-bk-12150-KRM

        Debtor.                                 *Emergency Relief Requested*
_____/

DEBTOR'S EMERGENCY MOTION FOR ORDER
PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY
CODE (i) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE ON ACCOUNT OF UNPAID PREPETITION INVOICES;
(ii) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF
PAYMENT; AND (iii) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT

Teltronics, Inc., as debtor and debtor in possession (the "**Debtor**"), by and through its undersigned attorneys, hereby files its Emergency Motion for Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (i) Prohibiting Utilities From Altering, Refusing or Discontinuing Service on Account of Unpaid Prepetition Invoices; (ii) Approving the Debtor's Proposed Adequate Assurance of Payment; and (iii) Establishing Procedures for Determining Additional Requests for Adequate Assurance of Payment (the "**Motion**") and respectfully represents as follows:

### Jurisdiction And Venue

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought in this Motion are 11 U.S.C. §§105 and 366.

## Background

2. On June 27, 2011, the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

5. The Debtor, a publicly-traded Delaware corporation, designs, installs, develops, manufactures and markets electronic hardware and application software products, and engages in electronic manufacturing services primarily in the telecommunications industry. The Debtor provides telecommunications equipment, converged communications platforms and software solutions to over 20,000 customers worldwide. The Debtor's primary focus is the design, development, manufacturing, marketing and installation of PBX switching, converged communications applications and infrastructure monitoring solutions. The Debtor also provides electronic manufacturing services for companies in the military, security, industrial, medical and telecommunications sectors.

6. The Debtor's corporate headquarters and manufacturing facility is located at 2511 Corporate Way in Palmetto, Florida, and is comprised of 21,250 square feet of office space and 30,000 square feet of manufacturing space. The Debtor also has office locations in the States of New York, California, and Georgia, primarily to service customers in those locations.

7. The Debtor has three (3) wholly-owned subsidiaries, Teltronics Limited, 36371 Yukon Inc., and TTG Acquisition Corp.

8.  For the fiscal year ended December 31, 2010, the Debtor's consolidated statement of operations reflected total net sales of approximately $26.2 million, total operating expenses of approximately $10.9 million, and a net operating loss of approximately $5.0 million. As of December 31, 2010, the Debtor's consolidated balance sheet reflected total assets of approximately $9.1 million and total liabilities of approximately $19.8 million

### Relief Requested and Grounds for Relief

9.  By this Motion, the Debtor seeks an order of this Court (i) prohibiting the Utility Companies (as hereinafter defined) from altering, refusing or discontinuing service on account of unpaid prepetition invoices; (ii) authorizing the Debtor, in its sole and absolute discretion, to pay all or any portion of any unpaid invoices for prepetition Utility Services (as hereinafter defined); (iii) determining that a cash deposit with each Utility Company in an amount equal to the Debtor's calculation of the cost of two weeks worth of Utility Services based on the Debtor's anticipated postpetition usage (if the Utility Company does not already have on hand a deposit in an amount equal to two weeks worth of Utility Services, the Debtor will furnish the amount necessary to ensure the Utility Company has on hand an amount equal to two weeks worth of Utility Services)[1], coupled with the Debtor's demonstrated ability to pay for postpetition Utility Services, constitutes "adequate assurance of payment" (the "**Proposed Adequate Assurance**") within the meaning of Section 366 of the Bankruptcy Code; and (iv) establishing procedures for determining requests by the Utility Companies for additional adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code.

---

[1] The Debtor has paid prepetition security deposits to certain of the Utility Companies as listed on <u>Exhibit A</u> attached to this Motion.

## A. <u>Utility Services</u>

10. In connection with the normal operation of the Debtor's business, the various entities listed on the attached <u>Exhibit A</u> (collectively, the "**Utility Companies**") provide the Debtor with electric and natural gas services, water and sewer services, telephone and communication services, and other similar services (collectively, the "**Utility Services**") at the Debtor's offices and/or facilities in Palmetto, Florida, Lake Success, New York, New York, New York, Huntington, New York, Petaluma, California, and Kennesaw, Georgia.[2] The continued supply of Utility Services is absolutely essential to the continued operation of the Debtor's business and to the maintenance (and preservation) of the Debtor's going concern value.

11. The Debtor anticipates that Wells Fargo Capital Finance, Inc., its primary secured creditor, will be providing a debtor in possession financing facility to the Debtor, which facility will provide the Debtor with additional liquidity. The Debtor projects that, with funds from operations and with debtor in possession financing, there will be sufficient cash on hand to meet payment obligations for all postpetition Utility Services as they become due.

12. The Debtor believes that any amounts currently owed for Utility Services are owing because either the Debtor has not yet been billed for prepetition services or the Debtor has recently been billed for such services but payment has not yet been made.

13. Pursuant to Section 366 of the Bankruptcy Code, the Utility Companies are enjoined for the first thirty (30) days (the "**Stay Period**") following the Petition Date, from altering, refusing or discontinuing the Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Debtor's Chapter 11 case or on the basis that the

---

[2] Nothing herein shall be deemed an admission that any of the Utility Companies constitute "utilities" for purposes of Section 366 of the Bankruptcy Code. The order granting this Motion is without prejudice to the right of the Debtor and each Utility Company to seek a determination that each such Utility Company is not a "utility."

4

Debtor is indebted to the Utility Companies as a result of charges for prepetition Utility Services. 11 U.S.C. §366(a).

14. In this Chapter 11 case, if the Utility Companies either discontinue or refuse to provide Utility Services to the Debtor after the Stay Period expires, the Debtor will suffer substantial and irreparable harm. It is therefore essential that the Debtor's Utility Services continue uninterrupted.

### B. Adequate Assurance of Payment Under Section 366 of the Bankruptcy Code

15. Section 366(b) of the Bankruptcy Code provides that the Utility Companies may discontinue Utility Services after expiration of the Stay Period if adequate assurance of payment, in the form of a cash deposit or other security, for Utility Services is not provided.

16. Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit. Accordingly, the Debtor proposes that each Utility Company have on hand an amount equal to the Debtor's calculation of the cost of two weeks worth of Utility Services based on the Debtor's anticipated postpetition usage. If a Utility Company does not presently have on hand a deposit in an amount equal to two weeks worth of Utility Services, then the Debtor, upon written request of a Utility Company, will furnish to the Utility Company an amount sufficient to ensure the Utility Company has on hand an amount equal to two weeks worth of Utility Services. The Debtor submits that a two week deposit, in conjunction with the Debtor's demonstrated ability to pay for future services in the ordinary course of business, constitutes sufficient adequate assurance of payment under Section 366. The Debtor also seeks Court authority to pay all or any portion of any prepetition invoices for Utility Services as deemed necessary or advisable by the Debtor in its sole and absolute

discretion. Nonetheless, if any Utility Company believes additional assurance of payment is required, it may request such additional assurance pursuant to the procedures described below.

### C. Additional Adequate Assurance Procedures

17. To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes the following procedures (the "**Additional Adequate Assurance Procedures**") be adopted:

    a. Any Utility Company desiring additional adequate assurance of future payment for Utility Service beyond the Proposed Adequate Assurance must, by no later than thirty (30) days after the entry of an order granting this Motion, file with the Court and serve a written request for such additional adequate assurance (an "**Additional Assurance Request**") so that it is received by the Debtor and its counsel at the following addresses: (i) Teltronics, Inc., Attn: Ewen R. Cameron, President, 2511 Corporate Way, Palmetto, Florida 34221-8478, and (ii) Stichter, Riedel, Blain & Prosser, P.A., Attn: Charles A. Postler, Esq., 110 East Madison Street, Suite 200, Tampa, Florida 33602.

    b. Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future performance.

    c. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request or (ii) sixty (60) days from the entry of an order granting this Motion (together, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the requesting Utility Company.

    d. The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in conjunction with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits,

6

    prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

e. If the Debtor determines that an Additional Assurance Request is not reasonable and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.[3]

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g. Any Utility Company that does not comply with the Additional Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

### D. Subsequent Modifications of Utility Companies List

18. It is possible that, despite the Debtor's efforts, certain Utility Companies have not yet been identified by the Debtor or included on <u>Exhibit A</u>. To the extent that the Debtor identifies additional Utility Companies, the Debtor will file amendments to <u>Exhibit A</u>, and shall serve copies of the order granting this Motion (when and if entered) on such newly-identified Utility Companies. The Debtor requests that the order granting this Motion be binding on all Utility Companies, subject to their rights to the Proposed Adequate Assurance and the Additional Assurance Request, regardless of when a given Utility Company is added to <u>Exhibit A</u>.

---

[3] Section 366(c)(3)(A) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment …" 11 U.S.C. §366(c)(3)(A).

### E. Authority for the Requested Relief

19. The policy underlying Section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for postpetition utility service. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1989 U.S.C.A.N. 5963, 6306. Section 366(c)(1) of the Bankruptcy Code, as recently modified in October 2005, defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, and prepayment for utility service) while excluding from the definition certain other forms of security (e.g., administrative expense priority for a utility company's claim). In addition, Section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts (e.g., a debtor's prepetition history of making timely payments to a utility) in making a determination of adequate assurance of payment.

20. While recently-amended Section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what *amount*, if any, is necessary to provide adequate assurance of payment to a utility company. Indeed, Section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case. See 11 U.S.C. §366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment …")

21. Thus, there is nothing within Section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure

future payment to a utility company is nominal, or even zero. Prior to the enactment of Section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to Section 366(b) of the Bankruptcy Code, and frequently did so. See Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646, 650 (2nd Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under §366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

22.  Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing Section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. See e.g., In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D. N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment,'") (citation omitted), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Solutions, Inc., 280 BR 63, 80 (Bankr. S.D. N.Y. 2002) (same): Steinbach v. Tucson Elec Power Co. (In re Steinbach), No. 4-02-04876-EWH, 2004 WL 51616, at *5 (Bankr. D. Ariz. Jan 2, 2004) ("Adequate assurance of payment is not, however, absolute assurance...All §366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); In re Penn Jersey Corp., 72 BR 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

23. The Debtor submits that, given the foregoing, the relief requested in this Motion is consistent with, and fully satisfies, the requirements of Section 366 of the Bankruptcy Code. Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtor proposes to provide the Utility Companies with (a) a cash deposit if requested, and (b) procedures pursuant to which the Utility Companies can seek greater or different security. When coupled with the Debtor's ability to pay through access to cash from operations and the anticipated debtor in possession financing, such assurance of payment significantly alleviates – if not eliminates – any concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

24. Similar relief has been granted in other cases in other districts decided under amended Section 366 of the Bankruptcy Code. See In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D. N.Y. Feb. 2, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D. N.Y. Jan. 18, 2006); In re Refco, Inc., Case No. 05-60006 (RDD) (Bankr. S.D. N.Y. Dec. 9, 2005).

### Notice

25. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given by (i) the Court's CM/ECF transmission to the Office of the United States Trustee for the Middle District of Florida, (ii) United States first class mail to the Utility Companies (as listed on Exhibit B attached hereto), and (iii) United States first class mail to the Debtor, all known secured creditors of the Debtor, and the twenty (20) largest unsecured creditors of the Debtor (all as listed on Exhibit C attached hereto). The Debtor submits that, given the nature of the relief requested herein, no other or further notice need be given.

**Basis For Emergency Relief**

26. As set forth above, the Debtor's ability to maintain its operations and preserve its going concern value will be severely prejudiced if the Court does not grant the relief requested herein. Thus, the Debtor reasonably believes that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting this Motion and granting such other and further relief as may be just and proper.

Dated: June 27, 2011

/s/ Charles A. Postler
Charles A. Postler (Florida Bar No. 455318)
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
PH    (813) 229-0144
FAX   (813) 229-1811
cpostler@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Service on Account of Unpaid Prepetition Invoices; (ii) Approving the Debtor's Proposed Adequate Assurance of Payment; and (iii) Establishing Procedures for Determining Additional Requests for Adequate Assurance of Payment** with attached Exhibits has been furnished by **CM/ECF Transmission** to:

Office of the United States Trustee
501 East Polk Street, Suite 1200
Tampa, Florida 33602

and by *U.S. Mail* to:

the Utility Companies listed on attached <u>Exhibit B</u> and the parties listed on <u>Exhibit C</u> attached hereto

on this 27th day of June, 2011.

/s/ Charles A. Postler
Attorney

# EXHIBIT A

| | Utility Provider | Utility Address | Contact Name and/or Fax Number (if known) | Account Number | Type of Service | Deposit | Average Monthly Usage |
|---|---|---|---|---|---|---|---|
| 951 | AMERICAN MESSAGING | 1720 LakePoint Drive, STE 100, Lewisville, TX 75057 | 1-888-247-7890 | B1-23997 | Messaging and Paging | - | 185.00 |
| 22921 | AMERICAN TELECENTERS, INC | 930 Interstate Ridge Road, Ste F, Gainsville, GA 30501 | 1-770-531-2999 | 3008 | Messaging and Paging | - | 85.00 |
| 44291 | ANSWERNET INC. | 2325 Maryland Rd, Ste 210, Willow Grove, PA 19090 | 1-800-250-7464 | SR8446 | Messaging and Paging | - | 140.00 |
| 20401 | AT & T | | | 1-960-755-2614, 1-707-762-0339, 1-707-762-2441 | Telephone | | 450.00 |
| 21981 | AT&T PETALUMA | 635 Grant Street 5th Floor, Pittsburgh, PA 15219 | 1-800-649-7570 | 030 598 2227 001 | Long Distance - all in one | - | 32.00 |
| 48091 | BRIGHT HOUSE | 301 S McDowell Blvd, Petaluma, CA 94954 | 1-877-325-0445 | 8234 14 008 0090090 | Data Services | - | 685.00 |
| 32891 | CABLEVISION | 700 Carillion Parkway, St Petersburg, FL 33716-1101 | 1-877-897-7333 | 07848 096078 -01-8 | Cable | - | 75.00 |
| 12101 | Easylink Services Corporation | 1111 Stewart Avenue, BethPage, NY 11714-3581 | 1-866-575-8000 | TG0073078 | Hosting Fees | - | 40.00 |
| 60180 | FP& L - 28507 | 6025 The Corners Parkway, Suite 100, Norcross, GA 30092 | 1-800-828-7115 | 89148-28507 | Electric Warehouse | - | 200.00 |
| 5241 | FP& L - 94010 | General Mail Facility, Miami, FL 33188001 | 1-800-375-2434 | 08662-94010 | Electric Main Facility | 22,775 | 10,250.00 |
| 41431 | INTEGRA TELECOM, INC. | General Mail Facility, Miami, FL 33188001 | 1-800-375-2434 | 745817 | Data Services | - | 1,200.00 |
| 50210 | MCI-7700 | 1201 NE Lloyd Blvd, Ste 500, Portland, OR 97232-1259 | 1-866-767-6789 | 4DX56291 | Telephone | - | 55.00 |
| 8171 | MCUD- Manatee County Utility Dept. | PO BOX 3243 Bloomington, IL 61702 | 1-800-444-3333 | 53839-110419 | Water/Sewer - Corporate | - | 200.00 |
| 13062 | SPRINT | 4410 66th Street West, Bradenton, FL 34210 | 1-941-792-8811 | 856822110 | Telephone - Lake Success | - | 9,000.00 |
| 43361 | T MOBILE | PO Box 4181, Carol Stream, IL 60197-4181 | 1-877-539-8351 | 152323363 | Cell Phone - fbop svs | - | 200.00 |
| 51150 | VERIZON- 1210 | PO Box 790047, St. Louis, MO 63179-0047 | 1-800-937-8997 | 15 4221 0620373912 10 | Long Distance | - | 200.00 |
| 51980 | VERIZON- 1346 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 516 775 1346 978 27 9 | Telephone - NYC | - | 170.00 |
| 51140 | VERIZON- 1729 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 212 984 0100 241 72 9 | Telephone - Lake Success | - | 500.00 |
| 51120 | VERIZON- 3212 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 212 x00 9094 153 21 2 | Telephone - Lake Success | - | 260.00 |
| 51130 | VERIZON- 3728 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 212 984 0119 043 72 8 | Telephone - Lake Success | - | 30.00 |
| 5641 | VERIZON- 4003 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 15 9000 0699191440 03 | Telephone - Lake Success | - | 500.00 |
| 51110 | VERIZON- 5727 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 212 697 4660 605 72 7 | Telephone - Lake Success | - | 30.00 |
| 51510 | VERIZON- 6276 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 516 354 3425 026 27 6 | Telephone - NYC | - | 178.00 |
| 51160 | VERIZON- 8501 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 15 4214 0657397785 01 | Data Services | - | 1,200.00 |
| 48661 | VERIZON ONLINE | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 0051004146979 | Internet - SRQ | - | 106.00 |
| 51170 | VERIZON-3100 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 516 326 3100 838 27 1 | Telephone - NYC | - | 716.00 |
| 23091 | VERIZON-9175 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-483-5000 | 718 767 0252 479 17 5 | Telephone - Lake Success | - | 785.00 |
| 51210 | Verizon- 5225 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | 05335225 | Telephone - GA | - | 1,400.00 |
| 51220 | Verizon- 5230 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | 04905230 | Telephone - GA | - | 1,500.00 |
| 51180 | Verizon- 5287 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | Y2295287 | Internet - Corporate | - | 6,000.00 |
| 51190 | Verizon- 7732 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | 05357732 | Telephone - CA | - | 690.00 |
| 51200 | Verizon- 8680 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | 05348680 | Telephones - BOE | - | 5,400.00 |
| 22991 | Verizon-2014 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | Y2295287 | WAN - Corporate | - | 6,800.00 |
| 9721 | Verizon -5224 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | 05335224 | Telephone - CA | - | 1,300.00 |
| 51230 | Verizon-5286 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | Y2295286 | Internet - GA | - | 605.00 |
| 42481 | Verizon-8799 | 404 Brock Drive, Bloomington, IL 61701 | 1-800-937-6000 | Y2338799 | Telephone - GA | - | 706.00 |

**EXHIBIT B**

Utilities Matrix

AT&T Mobility, LLC
c/o CT Corporation System, Registered Agent
1200 S. Pine Island Rd.
Plantation, FL 33324

AT&T Mobility, LLC
c/o CT Corporation System, Registered Agent
818 West Seventh St.
Los Angeles, CA 90017

American Messaging Services, LLC
c/o Corporation Service Company, Registered Agent
1201 Hays St.
Tallahassee, FL 32301

American Telecenters, Inc.
c/o Marvin A. Cooper, Registered Agent
930 Interstate Ridge Rd, Ste G
Gainesville, GA 30501

Answernet, Inc.
c/o Bary Pudles, President
2325 Maryland Rd., #210
Willow Grove, PA 19090

Brighthouse Networks, LLC
c/o Corporation Service Company, Registered Agent
1201 Hays St.
Tallahassee, FL 32301

Cablevision
c/o James Dolan, CEO
111 Stewart Ave.
BethPage, NY 11714

Easylink Services Corporation
c/o Corporation Service Co., Registered Agent
40 Technology Pkwy., #300
Norcross, GA 30092

Florida Power & Light
c/o J.E. Leon, Registered Agent
4200 West Flagler Street
Miami, FL 33174

Integra Telecom, Inc.
c/o National Registered Agents, Inc., Registered Agent
325 13th St. NE, #501
Salem, OR 97301

Manatee County Utility Dept.
c/o Ed Hunzeker, County Administrator
4410 66th St. W.
Bradenton, FL 34210

MCI Communications Services, Inc.
c/o CT Corporation System, as Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Sprint Nextel Corporation
c/o Corporation Service Co., Registered Agent
200 S.W. 30th St.
Topeka, KS 66611

Sprint Nextel Corporation
Legal Department
P O Box 4600
Reston, VA 20195

T-Mobile USA, Inc.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee FL 32301

T-Mobile USA, Inc.
Attn: Bankruptcy Department
P.O. Box 53410
Bellevue, WA 98015-3410

T-Mobile USA, Inc.
c/o CSC- Lawyers Incorporating Service Co., Registered Agent
221 Bolivar St.
Jefferson City, MO 65101

Verizon Wireless Services, LLC
c/o CT Corporation System, as Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Verizon Wireless Services, LLC
c/o CT Corporation System, Registered Agent
111 Eighth Avenue
New York, NY 10011

Verizon Wireless Services, LLC
c/o CT Corporation System, Registered Agent
1201 Peachtree St., NE
Atlanta, GA 30361

Verizon Wireless Services, LLC
Bankruptcy Department
404 Brock Dr.
Bloomington, IL 61701

Verizon Online, LLC
c/o CT Corporation System, Registered Agent
1201 Peachtree St., NE
Atlanta, GA 30361

Verizon Online, LLC
c/o CT Corporation System, as Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

# **EXHIBIT C**

TELTRONICS, INC.
20 Largest Unsecured

Active Sales Assoc, Inc.
7411 114th Ave. North St 313
Largo, FL 33773-5127

Anixter, Inc.
P. O. Box 847428
Dallas, TX 75284-7428

Arrow Electronics
P O Box 951597
Dallas, TX 75395-1597

Avnet Emg
P O Box 847722
Dallas, TX 75284-7722

Cbiz Kirkland, Russ, Murphy & Tapp
13577 Feather Sound Dr, #400
Clearwater, FL 33762

Datacomm Consulting Group
1276 Castleton Ave
Staten Island, NY 10301-1718

Delco Electrical Corp.
766 5th Avenue
Brooklyn, NY 11232-1619

Epstein Becker & Green, P.C.
250 Park Ave
New York, NY 10177-1211

Expertel Communications, Ltd.
19915 23rd Avenue
Whitestone, NY 11357-4123

GHT Co. Ltd.
16 Nanyunyi Lu
Guangzhou Science City
**China 00051-0663**

GM Data Communications Inc.
48 Woodbine Court
Floral Park, NY 11001-2718

Gulfcoast Property No. 1, LLC
Attn: Hugh Miller, Member
1200 1st Ave. W., #200
Bradenton, FL 34205

Innovative Circuits Inc.
1095 Windward Ridge Pkwy
Suite 110
Alpharetta, GA 30005-1728

Manatee County Tax Collector
P.O. Box 25300
Bradenton, FL 34206

Network
Po Box 905419
Charlotte, NC 28290-5419

New York City Dept. of Finance
345 Adams St.
Brooklyn, NY 11201

Powell Electronics Inc
200 Commodore Drive
Logan Township, NJ 08085-1270

Sat Utility Contracting LLC
7318 69 Place
Glendale, NY 11385

Starcom Comm Services, Inc.
41 Central Drive
Farmingdale, NY 11735

Weather Wise Conditioning Corp
333 Stagg Street
Brooklyn, NY 11206-1701