UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| In re<br><br>    TELTRONICS, INC.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 8:11-bk-12150-KRM |

**OBJECTION OF NORMAN R. DOBIESZ, FGC HOLDINGS, LTD. AND IHL INVESTMENTS, LLC TO DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF TITLE 11, UNITED STATES CODE**

Norman R. Dobiesz ("Dobiesz"), in his capacity as the holder of the Series A Preferred Stock in Teltronics, Inc. (the "Debtor"), FGC Holdings, Ltd., in its capacity as the holder of the Series B Preferred Stock in the Debtor ("FGC"), and IHL Investments, LLC, in its capacity as the holder of the Series C Preferred Stock in the Debtor ("IHL" and together with Dobiesz and FGC, the "Preferred Shareholders"), hereby object (this "Objection") to the *Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of Title 11, United States Code* [Docket No. 157] (the "Disclosure Statement").

As is discussed in detail herein, the Preferred Shareholders object to the approval of the Disclosure Statement, because the Disclosure Statement does not contain adequate information as the same is required by Section 1125(b) of Title 11 of the United States Code (the "Bankruptcy Code"), and because the *Debtor's Plan of Reorganization Under Chapter 11 of Title 11, United States Code* [Docket No. 156] (the "Plan") that the Disclosure Statement describes cannot be confirmed.[1] Moreover, the Preferred Shareholders intend to file a competing

---
[1] Capitalized terms used but not defined in this Objection shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

plan that proposes to give the Debtor's creditors and other parties in interest treatment that is superior to that proposed in the Plan that the Disclosure Statement describes which in fact will render the proposed Plan not in the best interest of creditors and other parties in interest.

In support of this Objection, the Preferred Shareholders respectfully state as follows:

1. On June 27, 2011 (the "Petition Date"), the Debtor filed with this Court a *Voluntary Petition* for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in the possession of its assets as a debtor-in-possession pursuant to Bankruptcy Code § 1107, but with the management of its business having been committed to a chief restructuring officer imposed upon the Debtor by its secured lenders.

### *The Preferred Shareholders' Objections to the Disclosure Statement*

#### *A. The Disclosure Statement Describes a Plan That Is Not Capable of Being Confirmed*

2. The Preferred Shareholders respectfully object to the adequacy of the Disclosure Statement because the Plan described in the Disclosure Statement cannot be confirmed.[2] A disclosure statement should not be approved when the plan of reorganization that it describes is not capable of being confirmed. *See In re Atlanta West VI*, 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988) (citations omitted); *see also In re M.J.H. Leasing, Inc.*, 328 B.R. 363, 369 (Bankr. D. Mass. 2005) (citations omitted). For the reasons discussed herein, the Plan is unconfirmable. Accordingly, the Preferred Shareholders submit that rather than permit the Debtor to expend valuable estate assets in soliciting votes and seeking confirmation of the Plan, this Court should not approve the Disclosure Statement, but should rather delay the approval of the Disclosure

---

[2] Nothing contained in this Objection is intended to be a waiver of the Preferred Shareholders' rights to object to the Plan on any basis, whether or not such basis is set forth in this Objection. The Preferred Shareholders expressly reserve the right to object to the Plan, and to any amended or modified version thereof, for any reason that the Preferred Shareholders deem appropriate.

Statement to a date after the end of exclusivity so that the Court can consider the Preferred Shareholders' competing plan of reorganization, and/or so that the Disclosure Statement and the Plan can be published to creditors and parties in interest simultaneously with the Preferred Shareholders' competing disclosure statement and plan of reorganization so that the stakeholders can decide.[3]

3. Section 1129(a)(11) of the Bankruptcy Code requires that the proponent of a plan of reorganization demonstrate that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successors to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). This is commonly referred to as requiring that the proponent demonstrate the feasibility of its reorganization plan. *See, e.g.*, *In re DBSD North America, Inc.*, No. 09-13061 (REG), 2009 WL 3491060, at *16 (Bankr. S.D.N.Y. Oct. 26, 2009).

4. In determining whether a plan of reorganization is feasible, a bankruptcy court may consider many factors, including

> (1) the adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) the ability of management; (5) the probability of the continuation of the same management; and (6) any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan.

*In re Hurricane Memphis, LLC*, 405 B.R. 616, 624-625 (Bankr. W.D. Tenn. 2009) (citing *Teamsters National Freight Indus. Negotiating Comm. v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.)*, 800 F.2d 581, 589 (6th Cir. 1986) (citation omitted)). Here, the Debtor has omitted

---

[3] In addition to the reasons set forth herein, the Preferred Shareholders take issue with the accelerated plan process proposed in the Debtor's case. While the Preferred Shareholders are mindful of the deadlines imposed upon the Debtor by its secured lender, the Court should not be forced to approve an insufficient plan and disclosure statement in derogation of Bankruptcy Code requirements. In that regard, and as set forth in more detail herein, one or more of the Preferred Shareholders (or one or more of the principals of certain Preferred Shareholders) intend to submit,

any discussion in the Disclosure Statement concerning the feasibility of the Plan.  In fact, it is unclear what kind a Plan may ultimately be proposed to holders of claims against and interests in the Debtor.  *See* Disclosure Statement at ii.

5.  It is true that a plan of reorganization need not guarantee success.  *Hurricane Memphis*, 405 B.R. at 625 (footnote omitted).  Rather, it must present a "reasonable assurance" of success.  *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988).  To do so, it must show that "the things which are to be done after confirmation can be done as a practical matter under the facts."  *In re Made in Detroit, Inc.*, 299 B.R. 170, 175-176 (Bankr. E.D. Mich. 2003).

6.  The Debtor seeks conditional approval of its Disclosure Statement which describes a proposed Plan premised on either a liquidation of the Debtor following the sale of substantially all of the Debtor's assets or, in the alternative, reorganization pursuant to an infusion of new equity.  As described in the Disclosure Statement, the Debtor concedes that "it intends to make significant modifications to the Plan and Disclosure Statement upon entering into a definitive agreement with a purchaser."  *See* Disclosure Statement at ii.  The Debtor further indicates that it will file the modified Plan and Disclosure Statement on or before October 21, 2011 which, incidentally, is the date of the hearing to consider the adequacy of the Disclosure Statement and several days after the deadline to file an objection as to the adequacy of the Disclosure Statement.  *See* Disclosure Statement at ii.  Because the Plan relies upon several divergent contingencies, a fact that the Debtor acknowledges, the current proposed Plan is contingent and, at best, an incomplete form.  *See* Disclosure Statement at ii.

7.  The Preferred Shareholders submit that the Plan is not feasible because it is premature and submitted on a conditional basis -- without any concrete means of

---

in their own names or through their nominee(s), a proposed plan of reorganization that provides for superior

implementation, and without means by which to measure its results against a liquidation of the Debtor. *See, e.g., In re The Christian Faith Assembly, Inc.*, 402 B.R. 794, 799 (Bankr. N.D. Ohio 2009) (citation omitted). The Debtor has not made a determination as to whether its Plan will be based upon a liquidation and sale of substantially all of its assets or a reorganization and equity infusion. Because of the foregoing uncertainties surrounding its Plan, the Disclosure Statement lacks any projections and other relevant financial information that is typically included in a disclosure statement. This deficiency is troubling because it creates the likelihood that the projections and other financial information that may be subsequently added to the Disclosure Statement may not be sufficient and/or accurate. The Preferred Shareholders submit that for the Plan to be capable of being confirmed, and therefore for the Disclosure Statement to be approved, the uncertainties created by the conditional nature of the Plan must be addressed at this stage of these proceedings and while still subject to the review and approval of this Court.

8. Because the Plan is wholly contingent on a subsequent amendment that will be beyond the review and approval of this Court, there is no "reasonable assurance" that the Plan will be implemented. *See Kane*, 843 F.2d at 649. As such, the Plan as it is presently proposed is not capable of being confirmed, and disclosure of the Plan is therefore wholly premature.

### B. The Disclosure Statement Does Not Contain Adequate Information

9. The Preferred Shareholders further object because the Disclosure Statement fails to provide adequate information to the Debtors' unsecured creditors or to other interested parties.

10. In pertinent part, Bankruptcy Code § 1125(b) states:

An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, *and a written*

---

treatment of creditors and parties in interest than provided by the Plan.

> *disclosure statement approved, after notice and a hearing, by the court as containing adequate information*.

11 U.S.C. § 1125(b) (emphasis added). Section 1125(a) of the Bankruptcy Code, in turn, defines the term "adequate information" as

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

11 U.S.C. § 1125(a)(1).

11. Despite the seeming inclusiveness of the above definition, Congress left it sufficiently vague to provide bankruptcy courts "wide discretion to determine on a case by case basis" whether a disclosure statement should be approved. *In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991) (quoting *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989)); *accord In re El Comadante Management Company, LLC*, 359 B.R. 410, 414 (Bankr. D.P.R. 2006) (citation omitted); *In re V&M Management, Inc.*, 215 B.R. 895, 902 (Bankr. D. Mass. 1997) (noting requirements "vary from case to case, according to the nature of the plan, the needs of claim and interest holders, and the availability of information").

12. Amongst other factors, a bankruptcy court should consider whether the information contained in a disclosure statement is "clear and comprehensible," and whether a

disclosure statement contains "overly technical language that the average creditor cannot readily understand." *Ferretti*, 128 B.R. at 19.[4]

13. The Preferred Shareholders believe that for several reasons, the Disclosure Statement does not contain "adequate information" as that term is defined in Bankruptcy Code § 1125(a). More specifically:

- The Disclosure Statement does not provide any disclosures relative to the estimated amount of Allowed Claims and Allowed Equity Interests that comprise each of the classes of claims and interests and the estimated range of recovery under the Plan.

- The Disclosure Statement does not provide any disclosures relative to the Allowed Claims that are permitted to participate in Class 5 Unsecured Convenience Claims or the treatment of their claims is they elect to participate.

- The Disclosure Statement does not provide any disclosures relative to the Debtor's liquidation analysis including, without limitation, any disclosures concerning the estimated administrative expenses of the Debtor's Chapter 11 and a potential conversion to Chapter 7.

- The Disclosure Statement does not provide any disclosures relative to the tax implications in the event that the Debtor proposes a plan of reorganization premised upon the infusion of additional equity.

- The Disclosure Statement does not identify what executory contracts and/or unexpired leases that the Debtor intends to assume and assign. More significantly, the Disclosure Statement does not provide any disclosures relative to estimated amounts necessary to cure any prepetition breaches prior to the assumption and assignment of such executory contracts and/or unexpired leases.

- The Disclosure Statement does not provide any disclosures relative to the post-petition activities of the Debtor or any significant pleadings filed in the Debtor's case.

In short, it is nearly -- if not wholly impossible -- for creditors and parties in interest to glean from the Disclosure Statement what their projected return might be under the Plan, and if that return is the best possible alternative, and therefore in the best interests of the creditors.

---

[4] The *Ferretti* Court summarized the standard as follows: "a proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *Id*.

Accordingly, the Preferred Shareholders respectfully submit that the Disclosure Statement should not be approved in its present form.

*C. The Plan the Disclosure Statement Describes Is Not In the Best Interest of the Creditors*

14. Finally, the Court should not approve the Disclosure Statement because one or more of the Preferred Shareholders (or one or more of the principals of certain Preferred Shareholders) intend to propose a plan of reorganization of the Debtor that constitutes a better alternative to the Plan to this Court and the Debtor's creditors. That plan proposal will or is likely to include, *inter alia*: (i) a substantial pay down of the Debtor's secured debt and further cash payments for the retirement of the principal and interest owed by the Debtor to its secured lender; (ii) the procuring of a new working capital line of credit to finance the business operations of the reorganized debtor; (iii) the conversion of some or all of the debt claims of some or all of the Preferred Shareholders to equity in the reorganized debtor; and (iv) the conversion of a portion of the allowed claims of general unsecured creditors to equity in the reorganized debtor, coupled with one or more partial cash payments on or after an effective date on account of the allowed claims of general unsecured creditors. Some of the foregoing terms, and others, have already been discussed with parties and interest, and discussions with the Committee have begun and will continue.

WHEREFORE, the Preferred Shareholders respectfully request that the Court enter an order: (i) sustaining this Objection, (ii) denying approval of the Disclosure Statement, and (iii) granting to the Preferred Shareholders such other and further relief as this Court deems just and proper.

Dated: October 18, 2011

NORMAN R. DOBIESZ,
FGC HOLDINGS, LTD., and
IHL INVESTMENTS, LLC,

By their attorneys,


/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr.
Florida Bar No. 784486
MORSE & GOMEZ, P.A.
119 South Dakota Avenue
Tampa, FL 33606
Telephone: 813.301.1000
Facsimile: 813.301.1001
Email:  agomez@morsegomez.com
www.morsegomez.com

-- and --


Michael J. Fencer (MA BBO No. 648288)
Brendan C. Recupero (MA BBO No. 645032)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
Tel.:  617-951-0500
Facsimile:  617-951-2414
Email:  mfencer@jagersmith.com
          brecupero@jagersmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Objection to Disclosure Statement** has been furnished on this 18th day of October, 2011 by CM/ECF electronic mail and/or U.S. mail to: **Charles A. Postler and Elena P. Ketchum,** Stichter, Riedel, Blain & Prosser, 110 E Madison Street, Suite 200, Tampa, FL 33602-4700; **United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; and to those parties receiving notices via CM/ECF in the normal course of business.

      /s/ Alberto F. Gomez, Jr.
      Alberto F. Gomez, Jr.