UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

TELTRONICS, INC.,

Debtor.

Chapter 11

Case No. 8:11-bk-12150-KRM

*Expedited Hearing Requested for December 8, 2011, at 3:00 p.m.*

_____/

## DEBTOR'S SECOND MOTION FOR EXTENSION OF PERIODS OF DEBTOR'S EXCLUSIVE RIGHT TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES OF PLAN

Teltronics, Inc., as debtor and debtor in possession (the "**Debtor**" or "**Teltronics**"), by and through its undersigned attorneys, hereby files this Second Motion for Extension of Periods of Debtor's Exclusive Right to File Disclosure Statement and Plan of Reorganization and to Solicit Acceptances of Plan (the "**Motion**"). By its Motion, the Debtor requests that the Court further extend the periods during which the Debtor has the exclusive right to file a Chapter 11 plan and to solicit acceptances of such plan. The Debtor proposes that the initial 120-period prescribed in § 1121(b) of the Bankruptcy Code for filing a plan be further extended until December 7, 2011 and the initial 180 day period prescribed in § 1121(c)(3) of the Bankruptcy Code for solicitation of acceptances of a plan be further extended until February 5, 2012.

As grounds for the requested extensions, the Debtor states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested by this Motion are §§ 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d) of the Bankruptcy Code [11 U.S.C. §§ 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d)]. Sections 1121(b) and (c) of the Bankruptcy Code prescribe the periods of exclusivity during which only the Debtor may file a plan of reorganization. Sections 1121(b) and 1121(c)(2) of the Bankruptcy Code provide that only the Debtor may file a plan for 120 days following the filing of the Chapter 11 petition. Section 1121(c)(3) extends that period to 180 days for acceptances of a plan to be obtained. Section 1121(d)(1) gives the Court authority for cause shown to increase the 120-day period or the 180-day period, subject to § 1121(d)(2).

## General Background

3. On June 27, 2011, the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

6. No trustee or examiner has been appointed in this case. On June 30, 2011, the Office of the United States Trustee appointed an Unsecured Creditors Committee (the "**Committee**") in this case pursuant to Section 1102 of the Bankruptcy Code [Doc. No. 33]. On July 1, 2011, the Office of the United States Trustee filed a notice with the Court amending the membership of the Committee [Doc. No. 37]. On July 5, 2011, the Office of the United States Trustee filed a second notice with the Court further amending the membership of the Committee [Doc. No. 41].

7. The Debtor, a publicly-traded Delaware corporation, designs, installs, develops, manufactures and markets electronic hardware and application software products, and engages in electronic manufacturing services primarily in the telecommunications industry. The Debtor provides telecommunications equipment, converged communications platforms and software solutions to over 20,000 customers worldwide. The Debtor's primary focus is the design, development, manufacturing, marketing and installation of PBX switching, converged communications applications and infrastructure monitoring solutions. The Debtor also provides electronic manufacturing services for companies in the military, security, industrial, medical and telecommunications sectors.

8. The Debtor has four (4) wholly-owned subsidiaries, Teltronics Limited (UK), Teltronics Technical Services Limited (UK), 36371 Yukon Inc., and TTG Acquisition Corp.

9. For the fiscal year ended December 31, 2010, the Debtor's consolidated statement of operations reflected total net sales of approximately $26.2 million, total operating expenses of approximately $10.9 million, and a net operating loss of approximately $5.0 million. As of December 31, 2010, the Debtor's consolidated balance sheet reflected total assets of approximately $9.1 million and total liabilities of approximately $19.8 million.

## Relief Requested and Grounds for Relief

10. On October 28, 2011, the Court entered its Order (the "**Exclusivity Order**") extending the Debtor's exclusive right to file a plan of reorganization through and including November 24, 2011 and continuing the Debtor's exclusive right to obtain acceptances of its plan through and including January 23, 2012. *See* Doc. No. 204.

11. Pursuant to the Exclusivity Order, the exclusivity periods under §1121(b) and §1121(c)(3) of the Bankruptcy Code expire on November 24, 2011 and January 23, 2012, respectively.

12. On September 23, 2011, the Debtor filed with this Court its Disclosure Statement for Debtor's Plan of Reorganization under Chapter 11 of Title 11, United States Code [Doc. No. 157] (the "**Disclosure Statement**") and its Plan of Reorganization under Chapter 11 of Title 11, United States Code [Doc. No. 156] (the "**Plan**"). The Disclosure Statement and the Plan were filed as required pursuant to a deadline imposed by this Court's Final Order Granting Debtor's Emergency Motion for Authority to (A) Obtain Postpetition Financing from Wells Fargo Capital Finance, Inc. and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. § 364(c) and (d) and F.R.B.P. 4001, (B) Use Cash Collateral, and (C) Maintain its Existing Cash Management System dated September 23, 2011 [Doc. No. 155] (the "**Final DIP Financing Order**"). Both the Disclosure Statement and the Plan clearly stated that they would be subject to amendment based on the results achieved from a marketing of a sale of the Debtor, specifically based on any bids or proposals received for a sale or a reorganization of the Debtor.

13. The Debtor has selected a stalking horse bidder in connection with its motion to establish bid procedures and is in the process of negotiating a stock purchase agreement with the stalking horse bidder. Once the terms of the stock purchase agreement are finalized, then the Debtor will be able to amend its Plan and Disclosure Statement.

14. By this Motion, the Debtor requests that the Court extend both exclusivity periods for a further limited period of time such that the extended 120-day period would expire on December 7, 2011, and the extended 180-day period would expire on February 5, 2012.

15. Although "cause" is not defined in the Bankruptcy Code, courts have developed and adopted the following nonexclusive list of factors to determine whether cause exists to extend the exclusivity period:

    (a)    the size and complexity of the case;

    (b)    the necessity for sufficient time to negotiate and prepare adequate information;

    (c)    the existence of good-faith progress toward reorganization; and

    (d)    whether creditors will be prejudiced by the requested extension.

See In re Friedman's, Inc., 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); In re Service Merch. Co., 256 B.R. 744, 751 (Bankr. M.D. Tenn.2000); In re Express One Intern., Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex.1996); In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y.1987).

16. In evaluating these factors, the courts are given maximum flexibility to review the particular facts and circumstances presented in the cases before them. See In re Public Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent ... is to promote maximum flexibility ...."); In re Hoffinger Indus, Inc., 292 B.R. 639 (8th Cir. BAP 2003) (stating that not all factors "are relevant in every case" and the court has discretion to "decide which factors are relevant and give the appropriate weight to each").

17. An analysis of these factors in this case leads to the conclusion that cause clearly exists to further extend the exclusivity periods.

*Size and Complexity of Case*

18. Courts frequently grant an extension of exclusivity based upon the size and complexity of a Chapter 11 case. See McLean, 87 B.R. at 834; In re Homestead Partners, 187 B.R.

706, 720 (Bankr. N.D. Ga. 1996) (recognizing the presence of complex legal issues as one of the bases for cause pursuant to § 1121(d)); *See also Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (in a case involving 100 creditors holding approximately 225 claims aggregating $10 million against the estate valued at $13 million, the district court affirmed the bankruptcy court's enlargement of the exclusivity period and held that cause may exist if the case is unusually large).

19. In the present case, the issues being addressed by the Debtor are extremely complex, particularly given the total debt involved in this matter. The Debtor has spent significant time negotiating debtor in possession financing issues with its secured lender, Wells Fargo Capital Finance, Inc. ("**Wells Fargo**"), hiring an investment banker as required by the Final DIP Financing Order, communicating and coordinating with its investment banker, Triton Capital Partners, Ltd. ("**Triton Capital**"), with respect to its marketing efforts for a sale of the company, and communicating with the Committee regarding issues relevant to its constituency.

20. In addition, the Debtor has recently selected a stalking horse bidder and the Debtor needs additional time in order to negotiate the definitive terms underlying the proposed transaction. The Debtor and the Committee, as well as Wells Fargo, need additional time to seek a consensual resolution of issues to allow the Debtor to amend its existing Plan and Disclosure Statement and achieve confirmation. At the present time, the Debtor is unable to amend its Plan and Disclosure Statement until such time as the material terms of the stock purchase agreement with the stalking horse bidder can be finalized and further negotiations with Wells Fargo and the Committee can be completed. The Debtor believes that it needs the additional time requested herein to achieve such result.

21. The Debtor submits that the complexity of issues involved in the instant case supports a further extension of the exclusivity periods.

*Good Faith Progress*

22. The Debtor has made good faith progress in this Chapter 11 case, including the following:

- (a) Early in the case, the Debtor focused on responding to the many time-consuming demands that inevitably accompany the commencement of a Chapter 11 case, including responding to a myriad of inquiries from vendors, utilities, taxing authorities, concerned employees, and other parties in interest.

- (b) The Debtor obtained approval of various first-day motions filed in this case and has taken necessary steps to implement the authorizations granted by such orders.

- (c) The Debtor obtained final approval for debtor in possession financing and implemented consummation of the debtor in possession financing facility.

- (d) The Debtor has complied with the reporting requirements of the United States Trustee, including the submission of initial and monthly reports.

- (e) The Debtor has prepared and filed a statement of financial affairs and schedules of assets and liabilities consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

- (f) The Debtor has been actively coordinating with Triton Capital with respect to the marketing efforts.

- (g) The Debtor has filed a Plan and Disclosure Statement in this case. As stated above, the Plan and the Disclosure Statement will need to be substantially amended.

- (h) The Debtor has selected a stalking horse bidder and requires additional time to negotiate and execute a stock purchase agreement.

23. Based upon the substantial progress demonstrated to date, the requested extension of the exclusivity periods is fully justified on the particular facts of this case.

*Lack of Prejudice*

24. The requested extension of exclusivity will not prejudice the legitimate interest of any creditor or other party in interest. The proposed extension will advance the Debtor's efforts to amend the Plan and Disclosure Statement and work with the other constituencies in this case towards filing an amended Plan and Disclosure Statement which the Debtor believes should be supported by such constituencies and that will achieve confirmation of an acceptable plan.

*Necessity for Sufficient Time*

25. Under the circumstances of this case, a premature termination of exclusivity would deny the Debtor a meaningful opportunity to negotiate and propose a confirmable plan and would be antithetical to the paramount objectives of Chapter 11. Termination of exclusivity at this point in time could have the undesirable effect of encouraging the development of competing multiple plans that could lead to unwarranted confrontations, litigation, and administrative expenses.

26. Moreover, given the current posture of this case and unresolved issues, it would be premature and counterproductive for any non-debtor party in interest to initiate the plan proposal process. Instead, the requested extensions will increase the likelihood of a consensual resolution of this case that preserves value for all creditors and preserves jobs for the Debtor's employees.

27. This Motion is not submitted for purposes of delay and will not prejudice any party.

## Notice

28. A copy of this Motion is being sent to all parties set forth on the Local Rule 1007-2 Parties in Interest List for this Chapter 11 case. Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this Motion; (b) further extending the 120-day time period during which the Debtor has the initial exclusive right to propose a plan of reorganization through and including December 7, 2011; (c) further extending the 180-day period during which the Debtor has the exclusive right to solicit acceptances of a plan through and including February 5, 2012; and (d) providing such other relief as is just and proper.

Dated: November 23, 2011

/s/ Elena Paras Ketchum
Charles A. Postler (Florida Bar No. 455318)
Elena Paras Ketchum (Florida Bar No. 0129267)
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street, Suite 200
Tampa, Florida 33602
PH   (813) 229-0144
FAX  (813) 229-1811
ATTORNEYS FOR DEBTOR
cpostler@srbp.com
eketchum@srbp.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **Debtor's Second Motion for Extension of Periods of Debtor's Exclusive Right to File Disclosure Statement and Plan of Reorganization and to Solicit Acceptances of Plan** has been furnished by CM/ECF Transmission to the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and by U.S. Mail or CM/ECF Transmission to all parties set forth on the Local Rule 1007-2 Parties in Interest List attached hereto on this 23rd day of November, 2011.

/s/ Elena Paras Ketchum
Elena Paras Ketchum

```
Label Matrix for local noticing          ACTIVE SALES ASSOC, INC                  American Express Travel Related Services Co
113A-8                                   ALEX WU, OWNER                           c/o Becket and Lee LLP
Case 8:11-bk-12150-KRM                   7411 114TH AVE. NORTH,STE 313            POB 3001
Middle District of Florida               LARGO, FL 33773-5127                     Malvern  PA 19355-0701
Tampa
Wed Nov 23 10:42:14 EST 2011

DATACOMM CONSULTING GROUP                DELCO ELECTRICAL CORP.                   Dun & Bradstreet
Steven Orlando                           JOHN DELUCA, PRESIDENT                   % Receivable Management Services
1276 CASTLETON AVE                       766 5TH AVENUE                           Attn: Ronald L. Rowland, Agent
STATEN ISLAND, NY 10310-1718             BROOKLYN, NY 11232-1619                  307 International Cir., Ste 270
                                                                                  Hunt Valley, MD 21030-1322

EXPERTEL COMMUNICATIONS, LTD             GM DATA COMMUNICATIONS INC               Graybar Electric Company, Inc.
MICHAEL GAVIN, PRESIDENT                 MIKE PORTOGHESE, RCDD                    c/o Jill Levi, Esq.
19915 23rd AVENUE                        48 WOODBINE COURT                        444 Madison Ave., #1202
WHITESTONE, NY 11357-4123                FLORAL PARK, NY 11001-2718               New York, NY 10022-6959


Gulfcoast Property #1, LLC               Gulfcoast Property No. 1, LLC            Gulfcoast Property No.1,LLC
c/o Edwin G. Rice                        c/o Edwin G. Rice                        c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.   Glenn Rasmussen Fogarty & Hooker, P.A.   Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive, Suite 1300          100 S. Ashley Drive, Suite 1300          100 S. Ashley Drive,Ste 1300
Tampa, FL 33602-5309                     Tampa, FL 33602-5309                     Tampa, FL 33602-5309

Official Committee of Unsecured Creditors POWELL ELECTRONICS INC                  SAT UTILITY CONTRACTING LLC
c/o Steven J. Solomon, Esq.              Debra Frederick,Credit Manager           ANTONIO JABRANE, OWNER
GrayRobinson, P.A.                       200 COMMODORE DRIVE                      7318 69 PLACE
1221 Brickell Avenue,Suite 1600          LOGAN TOWNSHIP, NJ 08085-1270            GLENDALE, NY 11385-7114
Miami, Florida 33131-3247

STARCOM COMM SERVICES, INC.              Susan D Profant, CFCA, CLA, FRP, Paralegal U.S.Security and Exchange Commission
MARTIN A. GAVIN, PRESIDENT               Ken Burton, Jr.                          Office of Reorganization
41 CENTRAL DRIVE                         Manatee County Tax Collector             3475 Lenox Road, N.E.,Ste 1000
FARMINGDALE, NY 11735-1201               4333 US 301 North                        Atlanta, GA 30326-3235
                                         Ellenton, FL 34222-2413

WEATHER WISE CONDITIONING CORP           Wells Fargo Bank, N.A., as successor to Wach Wells Fargo Capital Finance, Inc.
333 STAGG STREET                         c/o Donald Kirk, Esq.                    c/o Donald Kirk, Esq.
BROOKLYN, NY 11206-1701                  Fowler White Boggs P.A.                  Fowler White Boggs P.A.
                                         P.O. Box 1438                            Post Office Box 1438
                                         Tampa, FL 33601-1438                     Tampa, FL 33601-1438

Wells Fargo Capital Finance, Inc.        Wells Fargo Capital Finance, Inc.
c/o Donald R. Kirk, Esq.                 % Pamela Webster, Esq.
Fowler White Boggs P.A.                  Buchalter Nemer
P.O. Box 1438                            1000 Wilshire Blvd.,Ste 1500
Tampa, FL 33601-1438                     Los Angeles, CA 90017-1730
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Gulfcoast Property No. 1, LLC         (d)Wells Fargo Capital Finance, Inc.     End of Label Matrix
c/o Edwin G. Rice                        c/o Donald R. Kirk, Esq.                 Mailable recipients    22
Glenn Rasmussen Fogarty & Hooker, P.A.   Fowler White Boggs P.A.                  Bypassed recipients     2
100 S. Ashley Drive, Suite 1300          P.O. Box 1438                            Total                  24
Tampa, FL 33602-5309                     Tampa, FL 33601-1438
```